UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CURTIS LEWIS JONES,

      Plaintiff,      Case No. 1:10-cv-505

v.              Honorable Paul L. Maloney

AMY BRADLEY et al.,

      Defendants.
_____/

**OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Claims I, II, V, VI, VIII and IX for failure to state a claim. The dismissal of those claims results in the termination of Defendants Koenigsknecht, Williams, Trierweiler and the MDOC from this action. The Court will serve Claims III, IV and VII against Defendants Bradley, Burgtorf and VanCourt.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff currently is incarcerated in the Mound Correctional Facility, but the events giving rise to his complaint occurred while he was incarcerated in the Carson City Correctional Facility (DRF). Plaintiff sues the Michigan Department of Corrections (MDOC) and the following DRF employees: Food Services Supervisors Amy Bradley and Damien Burgtorf; Assistant Food Services Director Tom Koenigsknecht; Food Services Director Patrick Williams; Hearing Investigator (unknown) VanCourt; and Deputy Warden Tony Trierweiler.

Plaintiff claims that on August 12, 2009, Officer Bendt gave him permission to retrieve coleslaw dressing from the food services commissary room. A few minutes later, Defendant Bradley opened the door to the commissary room and yelled at Plaintiff, "It's 12:45 and I want your ass doing your fucking job, so get your ass in your work area right now, and, I don't want to hear your mouth." (Compl., Page ID#4.) Plaintiff told Bradley that he was going to grieve her unprofessional conduct. According to Plaintiff, Bradley began threatening that she would write a misconduct ticket against him. Plaintiff wrote the grievance against Bradley the same day. The following day, Bradley wrote a major misconduct ticket against Plaintiff for disobeying a direct order. Plaintiff claims that Bradley wrote the false misconduct in retaliation for the grievance that he filed against her. Plaintiff alleges that on August 14, Defendant Burgtorf wrote a negative work evaluation against him, also in retaliation for the grievance that he wrote against Bradley. Plaintiff also wrote a grievance against Burgtorf. Defendant Koenigsknecht signed off on the evaluation.

Plaintiff claims that Defendant Williams denied his Step I grievances and failed to act in response to his complaints. He further alleged that Defendant Trierweiler and the MDOC failed to properly investigate his Step II and III grievance appeals before denying them.

A hearing on the misconduct charge was held on September 9, 2009. As part of his defense, Plaintiff requested the video recording from the camera located over the commissary room door. Plaintiff contends that Defendant VanCourt intentionally mislead the hearings officer by signing a statement that there was no camera "in" the commissary room, while knowing that Plaintiff requested the video tape from the camera "above" the commissary room door. He further claims that VanCourt was biased because he was a friend of Bradley's and ate lunch with her every day. Plaintiff was found guilty of the misconduct charge. Plaintiff attempted to grieve VanCourt, but the grievance was rejected as non-grievable because it concerned a decision made by a hearings officer.

Plaintiff raises the following nine legal claims:

I. FOODSERVICE SUPERVISOR AMY BRADLEY VIOLATED JONES['] 1st AMENDMENT DUE PROCESS RIGHT WHICH PROHIBITS THE USE OF PROFANE, VULGAR, ABUSIVE AND/OR INSULTING LANGUAGE CALCULATED TO AROUSE A PERSON ADDRESSED TO ANGER TO EXTENT LIKELY TO CAUSE VIOLENT PHYSICAL RETALIATION.

II. FOODSERVICE SUPERVISOR AMY BRADLEY VIOLATED JONES['] 1st AMENDMENT DUE PROCESS RIGHT BY SUBJECTING HIM TO INSULTING LANGUAGE CALCULATED TO DEMEAN, BELITTLE, HARASS AND HER CONDUCT WAS RECKLESS, NEGLIGENT, EXTREME, OUTRAGES [SIC] AND HAD SUBJECTED PLAINTIFF TO UNDUE STRESS.

III. FOODSERVICE SUPERVISOR AMY BRADLEY VIOLATED JONES['] 1st AMENDMENT DUE PROCESS RIGHT, BY RETALIATING AGAINST THE PLAINTIFF WITH A MAJOR MISCONDUCT REPORT AFTER PLAINTIFF EXPRESSED HIS INTENT TO FILE A GRIEVANCE AGAINST BRADLEY FOR HER INSOLENT BEHAVIOR TOWARD THE PLAINTIFF.

IV. FOODSERVICE SUPERVISOR DAMIAM [SIC] BURGTORF PARTICIPATED DIRECTLY WITH AMY BRADLEY IN THE ALLEGED CONSTITUTIONAL VIOLATION, BY RETALIATING AGAINST PLAINTIFF WITH A FALSE WORK EVALUATION REPORT IN VIOLATION OF PLAINTIFF'S 1st AMENDMENT DUE PROCESS RIGHT.

V. FOODSERVICE ASST. DIRECTOR TOM KOENIGSKNECHT WAS GROSSLY NEGLIGENT BY SIGNING OFF ON FALSE WORK

> EVALUATION REPORT WRITTEN BY DAMIAN [SIC] BURGTORF EXHIBITING DELIBERATE INDIFFERENCE TO THE DUE PROCESS RIGHTS OF PLAINTIFF.
>
> VI. FOODSERVICE DIRECTOR PATRICK WILLIAMS AFTER BEING INFORMED OF THE VIOLATION BY AMY BRADLEY FROM OFFICER BENDT FAILED TO REMEDY THE WRONG AND WAS GROSSLY NEGLIGENT IN SUPERVISING SUBORDINATE (AMY BRADLEY) WHO COMMITTED THE WRONG ACT, AND DEFENDANT WILLIAMS EXHIBITED DELIBERATE INDIFFERENCE TO THE RIGHT OF PLAINTIFF BY FAILING TO ACT ON INFORMATION INDICATING THAT UNCONSTITUTIONAL ACTS OCCURRED (NON-FEASANCE OF OFFICE).
>
> VII. HEARING INVESTIGATOR VAN COURT VIOLATED PLAINTIFF JONES['] MINIMUM REQUIREMENT OF DUE PROCESS AT MAJOR MISCONDUCT HEARING BY HIS FAILURE TO RETRIEVE RECORDED EVIDENCE FROM (DRF) FOODSERVICE CAMERA LOCATED <u>OVER</u> COMMISSARY ROOM DOOR, BY PUTTING THAT THERE IS NO CAMERA <u>IN</u> THE COMMISSARY ROOM.
>
> VIII. WHERE DEPUTY WARDEN TONY TRIERWEILER FAILED TO INTERVIEW PLAINTIFF WITNESS (OFFICER BENDT), PLAINTIFF WAS DENIED HIS 14th AMENDMENT DUE PROCESS RIGHT UNDER THE U.S. CONSTITUTION TO A FULL, FAIR & COMPLETE INVESTIGATION INTO HIS ALLEGATION AGAINST FOODSERVICE SUPERVISOR AMY BRADLEY.
>
> IX. WHERE THE MICHIGAN DEPARTMENT OF CORRECTIONS FAILED TO INTERVIEW PLAINTIFF WITNESS (OFFICER BENDT) AND CONSIDER HIS SIGNED STATEMENT ATTESTING TO AMY BRADLEY['S] UNDER PROFESSIONAL [SIC] CONDUCT, THE PLAINTIFF HAS BEEN DENIED HIS 14th AMENDMENT DUE PROCESS RIGHT UNDER THE U.S. CONSTITUTION.

(Compl., Page ID#8-9.) Plaintiff seeks declaratory relief, as well as monetary damages.

## II. Immunity

As an initial matter, Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or

- 4 -

Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the MDOC must be dismissed from his action. Because the MDOC is the only Defendant named in Claim IX, the Court also will dismiss that claim.

      III.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts

to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    A. **Claims I and II: Amy Bradley**

Claims I and II of the complaint concern Bradley's alleged statement to Plaintiff, "I want your ass doing your fucking job, so get your ass in your work area right now, and, I don't want to hear your mouth." (Compl., Page ID#4.) Plaintiff asserts a violation of his "1st Amendment Due Process Right,"[1] however, allegations of verbal abuse or harassment are analyzed under the Eighth Amendment, which prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Sixth Circuit has consistently held that the use of harassing

---

[1] The Court notes that the First Amendment is separate and distinct from the procedural due process protections guaranteed under the Fourteenth Amendment and the substantive due process clause set forth in the Fifth Amendment.

or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Bradley arising from her alleged verbal abuse.

      B.    **Claim V: Tom Koenigsknecht**

Plaintiff alleges in Claim V that Defendant Koenigsknecht was grossly negligent for signing off on the false work evaluation report prepared by Defendant Burgtorf. It has long been settled that allegations of mere negligence on the part of prison officials fail to state a claim upon which relief can be granted in a § 1983 action. *Daniels v. Williams*, 474 U.S. 327 (1986); *Gibson v.*

*Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). That concept has been expanded to include allegations of gross negligence. In *Lewellen v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 34 F.3d 345 (6th Cir. 1994), the Sixth Circuit held that "[g]ross negligence is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'" *Id.* at 351 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992)). *See also Gazette v. City of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994) ("gross negligence is not the type of government action needed to support a Section 1983 claim").

Furthermore, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff does not allege that Koenigsknecht was aware that the work evaluation report prepared by Burgtorf contained false information or that Koenigsknecht intentionally engaged in any active unconstitutional behavior. Plaintiff, therefore, fails to state a claim against him.

    C.    **Claim VI and VIII: Patrick Williams and Tony Trierweiler**

In Claim VI, Plaintiff claims that Defendant Williams failed to take corrective action in response to his grievance against his subordinate, Amy Bradley. He further argues in Claim VIII that Defendant Trierweiler, the Step II Grievance Respondent, failed to fully investigate his grievance against Bradley in violation of his due process rights.

Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' alleged failure to fully investigate his grievance fails to state a claim under the Fourteenth Amendment Due Process Clause. Furthermore, as discussed above, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell*, 436 U.S. at 691; *Everson*, 556 F.3d at 495. In addition, liability under § 1983 may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to allege that Defendants Williams and Trierweiler engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

D. **Remaining Claims**

At this stage of the proceedings, the Court finds that Plaintiff's retaliation claims against Defendants Bradley, Burgtorf (Claims III and IV) and his due process claim against Defendant VanCourt (Claim VII) are sufficient to state a claim upon which relief may be granted. Accordingly, the Court will order service of Claims III, IV and VII against Defendants Bradley, Burgtorf and VanCourt.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Claims I, II, V, VI, VIII and IX will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The dismissal of those claims results in the termination of Defendants Koenigsknecht, Williams, Trierweiler and the MDOC from this action. The Court will serve Claims III, IV and VII against Defendants Bradley, Burgtorf and VanCourt.

An Order consistent with this Opinion will be entered.

Dated:   July 1, 2010                          /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               Chief United States District Judge