UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS LEWIS JONES, # 221006,<br>    Plaintiff,<br><br>-v-<br><br>AMY BRADLEY, et al.,<br>    Defendant.<br>_____ | No. 1:10-cv-505<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Jones, a prisoner under the control of the Michigan Department of Corrections, ("MDOC") filed a civil rights complaint under 42 U.S.C. § 1983. Defendants Bradley, Burgtorf, and VanCourt filed a motion for summary judgment. (ECF No. 12.) The magistrate judge issued a report recommending the motion be granted. (ECF No. 34.) Plaintiff filed objections. (ECF No. 36.) The Court has reviewed the record, including the relevant briefs in support and in response, the report and recommendation, objections, and relevant legal authority.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court finds the report and recommendation accurate and the conclusions well-supported. Generally, Plaintiff's objections find no support in the law. With the exception of the objection in the discussion that follows, Plaintiff's objections are OVERRULED.

Plaintiff raises one objection that bears mentioning. The magistrate judge concluded that the grievance naming Defendant Bradley could not have been the motivating force for the misconduct

charge because the grievance was not filed until August 18, 2009, some five days after Defendant Bradley filed the misconduct ticket.  Plaintiff argues he filed his grievance on August 12, 2009, before the misconduct ticket was filed.  Both dates appear on the grievance form.  Under the words "Today's Date," Plaintiff typed "8-12-09."  However, where the form states "Date Received at Step 1," the MDOC has handwritten "Aug. 18, 2009."  Because this motion must assume the facts in the light most favorable to the non-moving party, the Court must resolve this factual dispute in Plaintiff's favor.  In upholding Plaintiff's objection on this factual issue, the Court finds no reason to alter the recommendations in the report.  In her affidavit, Defendant Bradley explained that the event occurred approximately 15 minutes before her shift ended and that she was very busy at the end of the day.  She reported to work the next day at 5:00 a.m.  The misconduct ticket was written at 9:40 a.m., on August 13, 2009.  Bradley avers that she would have written the misconduct ticket regardless of whether Plaintiff filed any grievance.  Plaintiff has no evidence to contradict this statement.

Accordingly, the report and recommendation (ECF No. 34) is **ADOPTED**, with the exception of the factual dispute regarding the date the grievance was filed, as the opinion of this Court.  Defendants' motion for summary judgment (ECF No. 12) is **GRANTED**.  **IT IS SO ORDERED.**


Date:   January 11, 2012             /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge